Andre R. Belanger
**POULIN | WILLEY| ANASTOPOULO, LLC**
32 Ann Street
Charleston, SC 29403
Tel: 803-222-2222
Fax: 843-494-5536
andre.belanger@poulinwilley.com
cmad@poulinwilley.com

John C. Bohren
yanni@bohrenlaw.com
**YANNI LAW**
145 South Spring Street
Suite 850
Los Angeles, CA 90012
Telephone: (619) 433-2803

Salar Ali Ahmed
**ALI S. AHMED, PC**
430 W. Bell Street
Houtson, Tx 77019
Tel: 713-898-0982
aahmedlaw@gmail.com

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **IN RE SONY INTERACTIVE ENTERTAINMENT TARIFF LITIGATION.** | Civil Action No.3:26-cv-04121-CRB |

**PLAINTFFS' RESPONSE IN OPPOSITION TO THE DEFENDANTS' MOTION TO DISMISS**

Plaintiffs Amorey Walker, Bryce Foster-Quarles and Jamal Quereshi ("Plaintiffs") respond to Sony Interactive Entertainment's Motion to Dismiss (ECF 31) individually and on behalf of all others similarly situated.

## TABLE OF CONTENTS

I. INTRODUCTION ........ 4

II. STANDARD OF REVIEW ........ 5

III. ARGUMENT ........ 5

A. PLAINTIFFS ASSERT A CONCRETE INJURY ........ 5

B. THE VOLUNTARY-PAYMENT DOCTRINE DOES NOT BAR PLAINTIFFS' CLAIMS ........ 7

C. PLAINTIFFS PLAUSIBLY STATE A CLAIM FOR RESTITUTION BASED ON SONY'S RETENTION OF THE TARIFF-RELATED BENEFIT ........ 8

1. Restitution Does Not Require Plaintiffs to Have Transferred the Refund Dollars Directly to Sony ........ 8

2. The Alleged Restitutionary Wrong Arises From Sony's Later Recovery of the Same Economic Burden ........ 9

3. The Purchase Agreement Does Not Necessarily Allocate Sony's Later Government Refund ........ 10

4. Sony's Reliance on Peterson Does Not Defeat the Pass-Through Theory ........ 11

D. PLAINTIFFS PLAUSIBLY PLEAD MONEY HAD AND RECEIVED IN THE ALTERNATIVE ........ 11

E. PLAINTIFFS' DECLARATORY-JUDGMENT CLAIM SURVIVES WITH THEIR SUBSTANTIVE RESTITUTION CLAIMS ........ 12

IV. DISMISSAL WITH PREJUDICE IS UNWARRANTED ........ 13

V. CONCLUSION ........ 13

## TABLE OF AUTHORITIES

**CASES**

Am. Oil Serv. v. Hope Oil Co.,
194 Cal. App. 2d 581 (1961) .......... 7

Astiana v. Hain Celestial Grp., Inc.,
783 F.3d 753 (9th Cir. 2015) .......... 8, 11

Birdsong v. Apple, Inc.,
590 F.3d 955 (9th Cir. 2009) .......... 6

Bowen v. Energizer Holdings, Inc.,
118 F.4th 1134 (9th Cir. 2024) .......... 6

City of Reno v. Netflix, Inc.,
52 F.4th 874 (9th Cir. 2022) .......... 12–13

Diamond Alt. Energy, LLC v. EPA,
606 U.S. 100 (2025) .......... 7

Fireman's Fund Ins. Co. v. Commercial & Indus. Ins. Co.,
No. C-98-5313, 2000 WL 1721080 (N.D. Cal. Nov. 7, 2000) .......... 11

Haas v. Travelex Ins. Servs. Inc.,
555 F. Supp. 3d 970 (C.D. Cal. 2021) .......... 12

Hartford Cas. Ins. Co. v. J.R. Mktg., L.L.C.,
61 Cal. 4th 988 (2015) .......... 8

Hirsch v. Bank of Am.,
107 Cal. App. 4th 708 (2003) .......... 4, 9, 12

In re Dep't of Energy Stripper Well Exemption Litig.,
968 F.2d 27 (Temp. Emer. Ct. App. 1992) .......... 10

McGee v. S-L Snacks Nat'l,
982 F.3d 700 (9th Cir. 2020) .......... 6

Morehouse v. Apple Inc.,
No. 24-cv-07362, 2026 WL 2111332 (N.D. Cal. July 22, 2026) .......... 6

Naimi v. Starbucks Corp.,
798 F. App'x 67 (9th Cir. 2019) .......... 5, 7

Peterson v. Cellco P'ship,
164 Cal. App. 4th 1583 (2008) .......... 11

Petro Star, Inc. v. BP Oil Supply Co.,
584 F. App'x 709 (9th Cir. 2014) .......... 10

Prof'l Tax Appeal, Inc. v. Kennedy-Wilson Holdings, Inc.,
29 Cal. App. 5th 230 (2018) .......... 4, 9, 12

Rabin v. Google LLC,
725 F. Supp. 3d 1028 (N.D. Cal. 2024) .......... 5

Rodman v. Safeway Inc.,
125 F. Supp. 3d 922 (N.D. Cal. 2015) .......... 7

Siegel v. Shell Oil Co.,
480 F. Supp. 2d 1034 (N.D. Ill. 2007) .......... 8

TransUnion LLC v. Ramirez,
594 U.S. 413 (2021) .......... 6

United States ex rel. Lee v. Corinthian Colls.,
655 F.3d 984 (9th Cir. 2011) .......... 13

U.S. Airways, Inc. v. McCutchen,
569 U.S. 88 (2013) .......... 9–10

Wilson v. ColourPop Cosmetics, LLC,
2023 U.S. Dist. LEXIS 185688 (N.D. Cal. Sept. 7, 2023) .......... 6

**RULES**

Fed. R. Civ. P. 8 .......... 11

Fed. R. Civ. P. 12(b)(6) .......... 5

Fed. R. Civ. P. 15 .......... 13

## I. INTRODUCTION

Sony's thesis frames the case in a manner that is not pled within the complaint. This is not a failure to receive or a defective product case. Nor does it contest Sony's ability to set its prices. The Complaint alleges something materially different: Sony incurred IEEPA tariffs on its PlayStation consoles, passed that tariff burden to consumers through a price-premium, and, after those tariffs were invalidated, sought to recover the same tariff payments from the federal government but failed to reimburse its consumers a single penny. This resulted in a double recovery for Sony and neither the Plaintiffs nor putative class members would have paid the higher price had they known otherwise.

The complaint alleges a pure economic injury that affords them restitutionary relief. Each Plaintiff paid for a PlayStation whose price was increased because of the IEEPA tariffs. They only paid this price premium because Sony passed the tariff cost to consumers. Monetary overpayment is a concrete injury for Article III purposes.

Sony's standing argument also depends on resolving disputed economic questions in its favor at the pleadings stage prior to engaging the discovery process which would explore the extent of whether Sony's price increases were attributable to tariffs and how much of that burden was passed through to consumers.

Sony's remaining arguments largely collapse the original sale and the later refund into a single transaction. But California restitution law recognizes indirect benefits and pass-through injuries and focuses on the economic substance of who bore a cost and who later retained the corresponding benefit. See *Hirsch v. Bank of Am.*, 107 Cal. App. 4th 708, 722 (2003); *Prof'l Tax Appeal, Inc. v. Kennedy-Wilson Holdings, Inc.*, 29 Cal. App. 5th 230, 238–42 (2018).

At this stage, Plaintiffs need not prove the precise tariff component of every purchase, or the exact amount Sony will ultimately recover from the government. They need only plausibly allege that they suffered a monetary overpayment and that Sony's later retention of reimbursement for the same economic burden gives rise to a viable restitutionary claim. Because the Complaint does so, Sony's motion should be denied.

## II. STANDARD OF REVIEW

A Rule 12(b)(6) motion tests the legal sufficiency of the complaint, not the truth of competing factual explanations. The Court must accept well-pleaded factual allegations as true and draw reasonable inferences in Plaintiffs' favor. A dismissal is improper where the complaint plausibly alleges a claim even if the defendant offers another explanation for the same facts. See *Naimi v. Starbucks Corp*., 798 F. App'x 67, 70–71 (9th Cir. 2019).

Here several of Sony's arguments depend on disputed factual propositions concerning why Sony increased PlayStation prices and to what extent tariff costs were passed through to consumers. This cannot be resolved on the pleadings by crediting Sony's preferred economic explanation over Plaintiffs' allegations.

The same caution applies to Sony's reliance on the voluntary-payment doctrine. That doctrine is an affirmative defense, and dismissal is appropriate only where the complaint itself establishes the defense as a matter of law. See *Rabin v. Google LLC,* 725 F. Supp. 3d 1028, 1030–31 (N.D. Cal. 2024). Where the pleadings leave room for factual dispute concerning what the plaintiff knew, whether the payment was truly voluntary, or whether the operative facts arose only later, resolution of that defense at the pleading stage is premature. I*d*.

## III. ARGUMENT

### A. PLAINTIFFS ASSERT A CONCRETE INJURY

The consolidate complaint presents a straightforward economic injury: plaintiffs paid a price-premium for PlayStation consoles because Sony passed the cost of IEEPA tariffs through to consumers. A monetary loss is a concrete injury for Article III purposes. *TransUnion LLC v. Ramirez,* 594 U.S. 413, 425 (2021). The Ninth Circuit likewise recognizes that a consumer suffers economic injury where challenged conduct causes the consumer to pay more than they otherwise would have paid. *Bowen v. Energizer Holdings, Inc*., 118 F.4th 1134, 1144-1145 (9th Cir. 2024). Sony attempts to recast Plaintiffs' theory as a traditional benefit-of-the-bargain claim requiring a product defect, misrepresentation, or diminished product value. But *McGee* does not establish such a categorical rule. Rather, *McGee* held that the plaintiff there failed to allege facts showing that the product she purchased was worth less than the price paid, while expressly declining to decide whether an overpayment theory can ever establish injury absent a misrepresentation. *McGee v. S-L Snacks Nat'l*, 982 F.3d 700, 706–07 (9th Cir. 2020). *Bowen* subsequently confirmed that *McGee* left that issue open. *Bowen,* 118 F.4th at 1143 n.10. Sony therefore cannot transform the common factual setting of many consumer overpayment cases into a constitutional requirement that every plaintiff identify a false representation before alleging monetary injury.

The injury alleged here is materially different from the theories rejected in *Birdsong, Morehouse*, and *Wilson*. Plaintiffs do not contend that the PlayStation consoles were defective, unsafe, or inherently worth less than represented. They allege that Sony imposed a discrete price increase to offset a government-imposed tariff expense and thereby caused consumers to pay a higher price than they otherwise would have paid. That alleged out-of-pocket loss is itself economic injury the moment Sony receives a tariff refund and fails to reimburse the consumers their fair share of the tariff costs imposed upon them.

Sony offers alternative explanations for the price increase, including inflation, currency fluctuations, and component costs, but those competing explanations do not permit the Court to

disregard Plaintiffs' pleaded theory. See *Naimi v. Starbucks Corp.*, 798 F. App'x 67, 70–71 (9th Cir. 2019). These parameters are at best addressed during the discovery process and, incidentally, since those arguments are so subjective, one wonders if they could even sustain a summary judgment motion.

The Supreme Court has recognized that economic injury may be established through ordinary economic relationships where a government-imposed cost on one market participant predictably affects others downstream. *Diamond Alt. Energy, LLC v. EPA*, 606 U.S. 100, 116–120 (2025). Plaintiffs allege precisely such a chain here: Sony incurred an import cost, increased retail prices in response, and Plaintiffs paid those increased prices.

At most, Sony disputes the amount of the tariff-related premium and the degree to which its price increases were attributable to tariffs rather than other economic factors. Those are questions of proof. They do not eliminate the concrete monetary injury plausibly alleged in the Complaint, and they cannot be resolved against Plaintiffs on a motion to dismiss.

### B. THE VOLUNTARY-PAYMENT DOCTRINE DOES NOT BAR PLAINTIFFS' CLAIMS

Sony's voluntary-payment argument fails because knowledge of the amount paid is not the same as knowledge of the facts that allegedly make retention of the payment unjust. California applies the doctrine only where the payment was made voluntarily and with full knowledge of the relevant facts. *Am. Oil Serv. v. Hope Oil Co*., 194 Cal. App. 2d 581, 586–87 (1961). An excessive payment made in ignorance of the facts establishing its excessiveness is not necessarily voluntary in the relevant sense. *Id.*

In *Rodman v. Safeway Inc.*, consumers knew the prices they were paying, but the district court rejected a voluntary-payment defense because that did not establish knowledge of the facts allegedly making the markup improper. 125 F. Supp. 3d 922, 938–39 (N.D. Cal. 2015). The relevant inquiry therefore is not whether Plaintiffs saw and paid Sony's posted retail price, but whether they

knew the facts giving rise to the restitutionary claim. In other words, would they have paid that price had they known a portion of it was due to tariffs that were illegally imposed and would be refunded to Sony. The Complaint does not establish such knowledge. The alleged inequity arose from a later event that had not occurred when Plaintiffs made their purchases. Payment of a disclosed retail price does not establish advance consent to Sony's later retention of a separate reimbursement corresponding to a cost shifted to consumers. Here, Plaintiffs' theory depends on a subsequent reimbursement event and on facts concerning Sony's tariff pass-through and refund recovery that were not established at the time of purchase.

In any event, the voluntary-payment doctrine is an affirmative defense and is ordinarily not resolved on a motion to dismiss unless the complaint itself establishes every element of the defense. *Siegel v. Shell Oil Co.* 480 F.Supp. 2d 1034, 1049 (N.D. IL 2007). At minimum, questions concerning what Plaintiffs knew, when they knew it, and whether Sony's later receipt or entitlement to reimbursement created a new restitutionary obligation present factual issues that cannot be resolved against Plaintiffs at the pleading stage.

**<u>C. PLAINTIFFS PLAUSIBLY STATE A CLAIM FOR RESTITUTION BASED ON SONY'S RETENTION OF THE TARIFF-RELATED BENEFIT</u>**

California law permits Plaintiffs' unjust-enrichment allegations to proceed as a quasi-contract claim seeking restitution. *Astiana v. Hain Celestial Grp., Inc*., 783 F.3d 753, 762 (9th Cir. 2015). The relevant question is not whether California recognizes "unjust enrichment" as a freestanding tort, but whether Sony received a benefit at Plaintiffs' expense that equity does not permit it to retain. See *Hartford Cas. Ins. Co. v. J.R. Mktg., L.L.C.,* 61 Cal. 4th 988, 998–1000 (2015). The Complaint plausibly alleges such a benefit.

*1. Restitution Does Not Require Plaintiffs to Have Transferred the Refund Dollars Directly to Sony*

Sony's argument improperly treats direct payment as indispensable. California law is broader. In *Hirsch v. Bank of America*, consumers alleged that excessive charges imposed on intermediaries were passed through to them. The court held that the absence of a direct payment from the consumers to the banks did not defeat the unjust-enrichment theory because the alleged benefit was ultimately obtained at the consumers' expense. 107 Cal. App. 4th 708, 721–22 (2003). *Professional Tax Appeal, Inc. v. Kennedy-Wilson Holdings, Inc.* is similar. There, the defendant received the economic benefit of a property-tax refund generated through another party's efforts even though the benefit did not take the form of a direct payment from the plaintiff. The court held that unjust enrichment may encompass indirect benefits, including the discharge or reduction of an obligation the defendant otherwise would have borne. 29 Cal. App. 5th 230, 238–42 (2018).

That principle fits the allegations here. Plaintiffs allege that Sony incurred tariff costs and then shifted those costs downstream through higher PlayStation prices. If Sony later receives reimbursement of the same tariff expense, the fact that the refund arrives from the federal government rather than directly from Plaintiffs does not resolve whether Sony has obtained a benefit at Plaintiffs' expense.

*2. The Alleged Restitutionary Wrong Arises From Sony's Later Recovery of the Same Economic Burden*

Sony repeatedly focuses on the legitimacy of the original retail sale. But Plaintiffs' theory does not depend on showing that the original transaction was void or that Sony lacked the right to charge the posted price when the sale occurred. The alleged inequity arises from what happened later: after shifting the tariff expense to consumers, Sony became entitled to recover that same expense from another source but failed to reimburse consumers.

The traditional equitable rule against duplicative recovery points in the same direction. *McCutchen* recognizes that principles of unjust enrichment have long included rules preventing a party from obtaining compensation from two sources for the same loss. *U.S. Airways, Inc. v.*

*McCutchen,* 569 U.S. 88, 96–100 (2013). *McCutchen* held that such background equitable principles could not override an express contractual allocation, but it did not reject the underlying rule. *Id.* at 98–101.

The closest factual analogue is *In re Department of Energy Stripper Well Exemption Litigation*. There, Koch initially paid severance taxes, later obtained a refund from the State of Oklahoma, and retained it. Mobil, meanwhile, had been required to satisfy a restitution obligation that included the same tax amounts. The court required Koch to reimburse Mobil because retention of the later refund produced an unjust windfall. 968 F.2d 27, 29–30, 37–39 (Temp. Emer. Ct. App. 1992). Although *Stripper Well* applied federal common law in a specialized regulatory setting, its reasoning illustrates the restitutionary principle alleged here: a payment that is unobjectionable when initially made does not necessarily entitle the recipient to retain a later reimbursement corresponding to the same economic burden.

*3. The Purchase Agreement Does Not Necessarily Allocate Sony's Later Government Refund*

Sony argues that the parties' sales contract forecloses quasi-contractual relief. But a contract bars restitution only as to matters actually governed by the contract. *McCutchen,* 569 U.S. at 98–101. The cases Sony invokes therefore turn on the scope of the parties' agreement.

*Petro Star* illustrates the distinction. There, sophisticated commercial parties had expressly allocated tariff-related pricing and risk through their contracts, making resort to unjust enrichment inappropriate. *Petro Star, Inc. v. BP Oil Supply Co*., 584 F. App'x 709, 710–11 (9th Cir. 2014). Nothing identified by Sony establishes, as a matter of law at the pleading stage, that Plaintiffs' purchase agreements expressly allocated Sony's later right to a federal tariff refund or authorized Sony to retain both the tariff amount allegedly recovered through consumer prices and the subsequent government reimbursement.

*Astiana* independently forecloses dismissal merely because contract and quasi-contract theories may overlap. Rule 8 permits alternative pleading, and a plaintiff may pursue restitution where the scope, applicability, or effect of an alleged contract remains disputed. 783 F.3d at 762.

*4.Sony's Reliance on Peterson Does Not Defeat the Pass-Through Theory*

*Peterson* likewise does not foreclose Plaintiffs' claim. There, the court rejected an unjust-enrichment theory where the plaintiffs received the service for which they paid and did not adequately allege that the challenged third-party charge had been passed through to them. *Peterson v. Cellco P'ship*, 164 Cal. App. 4th 1583, 1593–94 (2008). In doing so, *Peterson* distinguished *Hirsch* precisely because *Hirsch* involved charges allegedly passed through an intermediary and ultimately borne by consumers. *Id.*

Plaintiffs plead the circumstance missing in *Peterson*. They allege that Sony incurred the tariff expense and increased PlayStation prices, shifting that expense to consumers and now seeks reimbursement of the same tariff expense from the government. Whether Plaintiffs can ultimately prove the degree of pass-through and quantify the corresponding benefit is a matter for discovery. At the pleading stage, those allegations plausibly state a claim that Sony's later retention of the tariff reimbursement would constitute unjust enrichment.

**D. PLAINTIFFS PLAUSIBLY PLEAD MONEY HAD AND RECEIVED IN THE ALTERNATIVE**

California permits recovery where the defendant has received money that, in equity and good conscience, should be returned to the plaintiff. See *Fireman's Fund Ins. Co. v. Commercial & Indus. Ins. Co.*, No. C-98-1060, 2000 WL 1721080, at *8–9 (N.D. Cal. Nov. 7, 2000). Sony emphasizes that any tariff refund would be paid by the federal government to Sony, rather than paid by Plaintiffs directly. But Plaintiffs allege that the refund corresponds to a discrete tariff burden that Sony had already shifted to its customers through increased PlayStation prices.

The source of the later payment does not necessarily resolve the equitable ownership question. Restitutionary relief may be appropriate where a defendant receives an economic benefit corresponding to an expense borne by another, even when the benefit is transmitted through a third party. See *Hirsch v. Bank of Am*., 107 Cal. App. 4th 708, 721–22 (2003); *Prof'l Tax Appeal, Inc. v. Kennedy-Wilson Holdings, Inc.*, 29 Cal. App. 5th 230, 238–42 (2018). Likewise, *Haas* permitted restitutionary recovery where money that was properly collected in the first instance later became unearned because of subsequent events. *Haas v. Travelex Ins. Servs. Inc*., 555 F. Supp. 3d 970, 980-982(C.D. Cal. 2021).

Sony also argues that the claim fails because Plaintiffs cannot presently identify a sum certain. But the Complaint alleges that Sony paid identifiable tariff amounts, increased consumer prices in response, and seeks reimbursement of those same tariff payments. The precise amount of any refund, the extent of the tariff pass-through, and the allocation among particular purchases are matters particularly suited to discovery and accounting. Those issues may affect the measure of recovery, but they do not establish at the pleading stage that no recoverable amount exists.

**E. PLAINTIFFS' DECLARATORY-JUDGMENT CLAIM SURVIVES WITH THEIR SUBSTANTIVE RESTITUTION CLAIMS**

Sony is correct that the Declaratory Judgment Act does not create an independent substantive cause of action. *City of Reno v. Netflix, Inc*., 52 F.4th 874, 878 (9th Cir. 2022). But that principle does not require dismissal where an actual controversy exists concerning substantive rights arising under other law.

Here, Plaintiffs seek a declaration concerning Sony's alleged obligation to return tariff-related amounts that Plaintiffs contend were passed through to consumers and later reimbursed by the federal government. That controversy is derivative of and rises or falls with, Plaintiffs' restitutionary claims. Because Plaintiffs plausibly plead unjust enrichment and related restitutionary

relief, they likewise plead a concrete dispute over the parties' respective rights to any corresponding tariff refund.

Accordingly, the declaratory-judgment claim should not be dismissed merely because the Declaratory Judgment Act is remedial rather than substantive. So long as the underlying restitution claims survive, there remains an actual controversy suitable for declaratory relief. See *City of Reno*, 52 F.4th at 878.

**IV DISMISSAL WITH PREJUDICE IS UNWARRANTED**

Even if the Court concludes that any claim requires greater factual specificity, dismissal with prejudice would be improper. Leave to amend should be granted unless amendment would be futile, meaning that the deficiency could not be cured by additional factual allegations. See *United States ex rel. Lee v. Corinthian Colleges,* 655 F.3d 984, 995-996 (9th Cir. 2011). Furthermore, Rule 15 is rather flexible in affording the Plaintiffs with their day in court by liberally providing leave to amend a complaint instead if an outright dismissal with prejudice at the outset. Accordingly, if the Court finds any count insufficiently pleaded, Plaintiffs should be granted leave to amend.

**V. CONCLUSION**

The Complaint plausibly alleges that Sony shifted a discrete tariff-related cost to consumers through higher PlayStation prices and later became entitled to recover that same economic burden from the federal government. Plaintiffs allege both a concrete monetary injury and a distinct restitutionary wrong arising from Sony's potential double recovery. Sony's contrary arguments depend largely on factual disputes concerning causation, pass-through, knowledge, tracing, and the amount of any refund, none of which should be resolved against Plaintiffs on a motion to dismiss.

For these reasons, the Court should deny Sony's motion to dismiss. Alternatively, if the Court determines that any claim requires additional factual allegations, Plaintiffs respectfully request leave to amend.

Dated: September 30, 2026.

Respectfully Submitted,

/s/ *Andre R. Belanger*
Andre R. Belanger
**POULIN | WILLEY| ANASTOPOULO, LLC**
32 Ann Street
Charleston, SC 29403
Tel: 803-222-2222
Fax: 843-494-5536
andre.belanger@poulinwilley.com
cmad@poulinwilley.com
**Pro Hac Vice Admitted*

John C. Bohren
yanni@bohrenlaw.com
**YANNI LAW**
145 South Spring Street
Suite 850
Los Angeles, CA 90012
Telephone: (619) 433-2803

Salar Ali Ahmed
**ALI S. AHMED, PC**
430 W. Bell Street
Houtson, Tx 77019
Tel: 713-898-0982
aahmedlaw@gmail.com

*Attorneys for Plaintiff and Proposed Class*